UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HERSY RODGERS,

    Plaintiff,

v.

RENO POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No.: 3:19-cv-00474-MMD-WGC

**Order**

Plaintiff is an inmate being housed at the Washoe County Jail. He has filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited

to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $400 filing fee. If Plaintiff fails to timely file a completed IFP application or pay the filing fee, this action will be dismissed.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court notes that Plaintiff filed a similar action, *Hersey v. Reno Police Department, et. al.*, 3:19-cv-00294-MMD-WGC on June 3, 2019. The court has also issued an order directing Plaintiff to submit a completed IFP application or pay the filing fee in that action. These two actions appear to be similar and assert similar claims. Plaintiff may not proceed with duplicative actions; therefore, if this action is duplicative of the earlier filed action, Plaintiff should voluntarily dismiss this action. If this action is duplicative of the previously filed action, Plaintiff is advised

2

that if he elects proceeds with this action, it will be dismissed, and he will still be required to pay the filing fee for this action.

**IT IS SO ORDERED**.

Dated: August 12, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge